UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

JOSE FERNANDO RODRIGUEZ ORTIZ,

    Plaintiff,

        v.                              CIVIL NO. 03-2128 (PG)

MARGO CARIBE, INC., ET AL.,

    Defendants.

**OPINION AND ORDER**

Before the Court is Magistrate Judge Gustavo Gelpi's Report and Recommendation regarding defendants' motion to dismiss for failure to state a claim under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and the Consolidated Omnibus Budget Reconciliation Act ("COBRA").   (Docket No. 82)   Upon review of the Report and Recommendation (id.), defendants' objection thereto (Docket No. 83), the subsequent response (Docket No. 84), reply (Docket No. 89), and sur-reply (Docket No. 94), the applicable law, and the record of the case, for the reasons set forth hereunder, the Report and Recommendation is **APPROVED AND ADOPTED IN PART.**   Accordingly, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART.**

**I. BACKGROUND**

The relevant facts, accepted at this stage as true, are drawn from the complaint.  See Fed.R.Civ.P. 12(b)(6).  (Docket No. 1)  Plaintiff Jose Fernando Rodriguez Ortiz filed the present complaint in 2003, claiming that co-defendant Margo Caribe, Inc. ("Margo"), committed federal securities fraud when upon his resignation, Margo nonetheless

informed the public that he had been dismissed and simultaneously refused to honor his Stock Option Agreement.  Plaintiff also alleged a violation of COBRA, and invoked the Court's supplemental jurisdiction to assert claims under Puerto Rico law.

Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 42), submitting that plaintiff failed to satisfy the heightened pleading requirements of securities fraud, and that plaintiff's COBRA claim had become moot because they mailed the required notice. Following plaintiff's response (Docket No. 47), the matter was referred to Magistrate Judge Gustavo Gelpi for Report and Recommendation. (Docket No. 77)

The Magistrate Judge ultimately recommended that defendants' motion to dismiss be denied in its entirety, concluding that plaintiff satisfied the heightened pleading standards of Fed. R. Civ. P. 9(b) and the PSLRA, and that plaintiff's COBRA claim should not be dismissed as moot, because the issue turns on a question of fact that cannot be ruled upon at this stage of the proceedings. (Docket No. 82) The Magistrate Judge further recommended that the Court exercise supplemental jurisdiction over plaintiff's state law claims, in the interest of judicial economy.

Defendants timely objected to the Magistrate Judge's application of the PSLRA's heightened pleading standard (Docket No. 83 at 6-7), and further objected to the recommendation regarding the COBRA claim, arguing that regardless of whether notice was sent, plaintiff had admitted his benefits had been retroactively reinstated, effectively mooting the claim.  <u>Id.</u> at 15-16.  Plaintiff responded to these

objections (Docket No. 84), defendants replied (Docket No. 89), and plaintiff sur-replied. (Docket No. 94)

## II. STANDARDS OF REVIEW

### A. Report and Recommendation

Following the issuance of a Report and Recommendation, the Court reviews *de novo* the matters delimited by timely and appropriately specific objections. See 28 U.S.C. § 636(b) (2004), Fed. R. Civ. P. 72(b) (2004), and Local Rule 72(d) (2004); see also Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the [Magistrate's] recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised.") (citation omitted); Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999). An objection is timely if filed within ten days of receipt of the Magistrate Judge's Report and Recommendation. See 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), and Local Rule 72(d). The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The Court accordingly reviews defendants objections *de novo*.

### B. Motion to Dismiss

In ruling on a jurisdictional challenge, the standard applied to a Rule 12(b)(1) motion is similar to the standard applied to a Rule 12(b)(6) motion, see Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir. 2000), where a court must accept all well-pleaded factual averments as true and must draw all reasonable inferences in the plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence

and Coordination Unit, 507 U.S. 163, 164 (1993).  A Court should not dismiss a complaint for failure to state a claim unless it is clear that plaintiff will be unable to recover under any viable theory.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  This deferential standard is not a "toothless tiger," Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996), and the Court is not obliged to credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

## III. DISCUSSION

The Court first reviews the Magistrate Judge's recommendations regarding defendant's motion to dismiss for failure to meet the PSLRA's heightened pleading standards.  The Court then proceeds to the COBRA claims, finally evaluating whether it should retain jurisdiction of plaintiff's supplemental claims.

## A. Securities Fraud

To state a claim for securities fraud under section 10(b) and Rule 10b-5 of the Securities and Exchange Act of 1934, "a plaintiff must prove, in connection with the purchase or sale of a security, that the defendant, with scienter, falsely represented or omitted to disclose a material fact upon which the plaintiff justifiably relied." Estate of Soler v. Rodriguez, 63 F.3d 45, 53 (1st Cir. 1995)(citations omitted).

The pleading standards for violations of section 10(b) and Rule 10b-5 are found in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which require that the plaintiff (1) specify each statement or omission alleged to have been misleading; (2) [specify] the reason or reasons why the statement is misleading; (3) and, if an allegation

regarding the statement or omission is made on information and belief,
... state with particularity all facts on which that belief is formed.
15 U.S.C. § 78u-4(b)(1).  See also Greebel v. FTP Software, Inc., 194
F.3d 185, 193 (1st Cir. 1999) (holding that PSLRA did not alter the
First Circuit's rigorous reading of the standards for pleading fraud,
and that plaintiff in a securities fraud action must "specify each
allegedly misleading statement or omission" including its time, place
and content).

> Although the pleading requirements under the PSLRA
> are strict, they do not change the standard of
> review for a motion to dismiss.  Even under the
> PSLRA, the district court, on a motion to dismiss,
> must draw all reasonable inferences from the
> particular allegations in the plaintiff's favor,
> while at the same time requiring the plaintiff to
> show a strong inference of scienter.

Aldridge v. A.T. Cross Corp., 284 F.3d 72, 78 (1st Cir. 2002).

Upon referral of defendants' motion to dismiss for failure to
state a claim, the Magistrate Judge reasoned that plaintiff's had
satisfied the heightened pleading standards.  Defendants object,
claiming that the Magistrate Judge overcredited plaintiff's averment
that "he was led to believe" that his resignation would not be treated
as a dismissal.  Plaintiff counters that because his Stock Option
Agreement states that his options would vest if he terminated his
employment voluntarily, with or without the consent of Margo, he has met
the PSLRA's pleading requirements.

Having carefully reviewed plaintiff's amended complaint, the Court
finds that he failed to state a claim for securities fraud.  While a
sale of securities appears to have been involved, plaintiff has failed
to specify a materially misleading statement or omission, in connection
with the sale, let alone "the reason or reasons why the statement is

misleading." <u>See</u> 15 U.S.C. § 78u-4(b)(1); <u>Greebel</u>, 194 F.3d at 193. His complaint states that "Margo and Mr. Spector made the representations regarding [his] rights under the Stock Option Agreement knowing that they intended to treat his resignation as a dismissal. Unbeknownst to [him] for purposes of the Stock Option agreement [he] was considered dismissed on August 29th, 2003." (Docket No. 5 at ¶ 27) This is the crux of plaintiff's securities fraud case, and the Court cannot make heads or tails of what Margo and Mr. Spector allegedly told him about the interpretation of that clause or any other clause.

Moreover, although plaintiff alleges that there were misrepresentations right and left, he nowhere specifies their time, place and content. <u>See</u> <u>Greebel v. FTP Software, Inc.</u>, 194 F.3d 185, 193 (1st Cir. 1999) (plaintiff in securities fraud action must "specify each allegedly misleading statement or omission" including its time, place and content). Plaintiff did not, and even drawing every favorable conclusion in his favor the Court cannot fill in this crucial information for him.

Indeed, with its vagueness as to the timing, and given the juxtaposition of the alleged fraud with the dismissal and not the original sale of the option, plaintiff's amended complaint smacks of fraud in hindsight. "[P]laintiffs may not simply seize upon disclosures made later and allege that they should have been made earlier." <u>In re Cabletron Systems, Inc.</u>, 311 F.3d 11, 37 (1st Cir. 2001)(citation omitted). "Standing alone, such circular assertions represent little more than the type of "fraud by hindsight" pleading that we have long rejected." <u>Id.</u> The Report and Recommendation is therefore **NOT ADOPTED** in this regard, and defendants' motion to dismiss the securities fraud claim is **GRANTED**.

B. COBRA Claim

        The Consolidated Omnibus Budget Reconciliation Act ("COBRA")
requires that employers allow former employees the opportunity to elect
the continuation of their health care coverage for a period of time, at
their own expense.  See 29 U.S.C. § 1161; Claudio-Gotay v. Becton
Dickinson Caribe, Ltd., 375 F.3d 99, 103-04 (1st Cir. 2004).  When an
employee is terminated, the employer is required to notify the plan
administrator within thirty days of the termination.  See id. §
1166(a)(2).  The plan administrator is then required to notify "any
qualified beneficiary" of his or her rights under COBRA within fourteen
days of the date on which the administrator is notified of the
termination.  See id. § 1166(a)(4) & (c).

        Plaintiff alleges in his complaint that to date, Margo has failed
to notify him of his COBRA rights in violation of 29 U.S.C. § 1166 by
failing to give him timely notice that he could continue his health care
coverage.  On the other hand, defendants maintain that the notice was
timely sent, and have provided limited information outside the pleadings
to that effect.

        A district court has discretion in accepting extra information and
treating a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for
summary judgment.  Fed.R.Civ.P. 12(b)(6); Whiting v. Maiolini, 921 F.2d
5, 6 (1st Cir. 1990).  Here, however, the information provided by
defendants appears internally contradictory because the address to which
the putative notice was mailed does not match the driver's license
address which defendants apparently intended to use.  Compare Docket No.
10 Ex. A with Docket No. 10 Ex. C.  At this early stage, then, the Court
shall exclude the information.  See Fed.R.Civ.P. 12(b)(6); Whiting, 921

F.2d at 6.   Taking plaintiff's allegations as true, the Court agrees with the Magistrate Judge that plaintiff has stated a claim under COBRA because he has claimed that notice was not sent.

The Court is aware that plaintiff freely admits that his COBRA benefits were reinstated.  See Docket No. 5 at ¶ 37.  Nevertheless, defendants' objection that the COBRA issue is moot because plaintiff's benefits have been reinstated, is meritless.  See Brown v. Aventis Pharmaceuticals, Inc., 341 F.3d 822, 825 (8th Cir. 2003) (finding no abuse of discretion in district court's award of maximum statutory damages for COBRA notification violation even though plaintiff did not suffer any loss of health benefits because she was forced to invest time, effort, and money in hiring an attorney to gain access to information to which she was legally entitled).

The Magistrate Judge's recommendation on the COBRA claim is therefore **APPROVED AND ADOPTED**, and defendant's motion to dismiss is **DENIED**.

C. State-Law Claims

The Magistrate Judge having concluded that plaintiff had stated both securities fraud and COBRA claims, he further recommended that the Court exercise supplemental jurisdiction over plaintiff's state law claims, on judicial economy grounds.  Under 28 U.S.C. § 1367(c), "[t]he district court has discretion to decline such jurisdiction ... where the state law issues are difficult or novel, [or] where the state law claims "substantially predominate[ ]" over other claims in the action...." Belini v. Washington Mut. Bank, FA, 412 F.3d 17, 28 (1st Cir. 2005). Having dismissed the securities fraud claim however, the remaining federal claim turns on the discrete issue of whether notice was sent,

and plaintiff's supplemental claims involving complicated breach of contract issues, these would necessarily predominate over the remaining federal claim.  Accordingly, the Magistrate Judge's recommendation regarding the exercise of supplemental jurisdiction is **NOT ADOPTED** and this Court declines to exercise supplemental jurisdiction.

## IV. CONCLUSION

**WHEREFORE,** in light of the foregoing, the Magistrate Judge's Report and Recommendation is **APPROVED AND ADOPTED IN PART,** specifically as to the recommendation anent plaintiff's COBRA claim.  Defendants' motion to dismiss is thus **GRANTED IN PART AND DENIED IN PART; GRANTED** as to the securities and supplemental claims and **DENIED** as to the COBRA claim.  Judgment shall be entered dismissing the securities claim with prejudice, and the state law claims without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 29, 2005.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE